UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>KENNETH NEGRON MEDINA<br><br>　　　　　　　　　　　Defendant. | Case No.:  20-cr-03047-GPC<br><br>**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 82, 87]** |

On May 2, 2025, Defendant Kenneth Negron Medina ("Defendant" or "Negron") filed a motion for compassionate release. ECF No. 82. On May 13, 2025, the Court appointed counsel to represent Negron in filing a supplemental motion for compassionate release. ECF No. 86. On May 19, 2025, Negron filed a supplemental motion. ECF No. 87. The Government did not file an opposition. For the reasons set forth below, the Court GRANTS Negron's motion for compassionate release and reduces his sentence to time served.

## BACKGROUND

On December 6, 2021, Negron pled guilty to Importation of Methamphetamine in violation of 21 U.S.C. §§ 952 and 960. ECF No. 47. On June 1, 2022, this Court sentenced Negron to 27 months, followed by three years of supervised release. ECF No.

56. On February 24, 2025, while Negron was on supervised release, the Court sentenced him to six months for violating the terms of his supervised release. ECF No. 81. Specifically, Negron admitted to committing a federal, state, or local offense[1] and failing to participate in a residential drug treatment program. ECF No. 81 at 1; [2] ECF No. 72 at 2–4.

Negron is currently serving his term outside of BOP custody and has a projected release date of June 16, 2026.[3] Negron has been in custody since his arrest on December 20, 2024.

Negron is currently 63 years old. *See* ECF No. 48 at 2. Negron has low vision; suffers from type 2 diabetes, hyperlipidemia, polyneuropathy, hypertension, and heart diseases; and is overweight. ECF No. 87 at 4; *see also* ECF No. 48 at 14–15. Negron "uses eyeglasses, arch support, and alternate shoes due to his diabetic neuropathy." ECF No. 87 at 4. Further, Negron has developed vertigo while in custody and, as a result, has lost feeling in both of his feet. *Id.* at 2, 4; ECF No. 82 at 1. He has waited over three months to see an ENT specialist for these issues. ECF No. 87 at 2, 4; ECF No. 82 at 1. He takes daily medications for some of these conditions. ECF No. 48 at 14.

Recently, Negron's family has experienced sudden and unexpected extenuating circumstances. His grandson has autism and requires a lot of care and attention, which his daughter, Maria Christina, has been unable to provide recently. ECF No. 87 at 2. Maria Christina recently separated from her husband, who was devoted to her son's care. *Id.* Now, she must rely solely on the mere 30 hours of therapy that her insurance covers because she needs to work. *Id.* However, Negron states that Maria Christina is now in danger of losing her job, and with it, her health insurance, due to the increasing stress she is dealing with, including the need to care for her son full-time. ECF No. 82 at 1.

---

[1] The offenses were possession of drug paraphernalia in violation of California Health and Safety Code § 11364(a) and possession of a controlled substance, methamphetamine, in violation of California Health and Safety Code § 11377(a). ECF No. 72 at 2.
[2] Page numbers reflect CM/ECF pagination.
[3] Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited June 3, 2025).

2

1  Negron's other two daughters are unable to assist Maria Christina because they are
2  occupied with their own educational and professional pursuits.  *Id.*; ECF No. 87 at 2.
3        On May 19, 2025, Negron filed a supplemental motion to reduce sentence with the
4  assistance of counsel.  ECF 87.  He is requesting a reduction in sentence to time served—
5  which, at this point, is around five-and-a-half months, or 91.67 percent of his sentence.
6  *Id*. at 1–2.  Negron seeks this reduction in sentence based on the above-mentioned
7  extenuating family circumstances and his worsening health condition pursuant to the
8  "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A).  *See generally id.*

### LEGAL STANDARD

Generally, a federal court "may not modify a term of imprisonment once it has been imposed," *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)), except "in limited circumstances set out by federal statute," *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022).  Negron seeks to modify his sentence under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act ("FSA").  In relevant part, § 3582(c)(1)(A) permits a court to modify a term of imprisonment:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> …
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Previously, the Ninth Circuit held that policy statement U.S.S.G. § 1B1.13 governed only § 3582(c)(1)(A) motions brought by the Director of the Bureau of Prisons ("BOP").  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam)

(finding the "current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by defendant"). However, amendments to § 1B1.13, effective November 1, 2023, reflect that the policy statement is now applicable to motions filed by defendant and the BOP. *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *see* U.S.S.G. § 1B1.13(a) ("Upon motion of the Director of Bureau of Prisons *or the defendant*…") (emphasis added). Therefore, policy statement § 1B1.13 is binding on this Court's consideration of Negron's motion for compassionate release.

Under § 1B1.13, as amended, extraordinary and compelling circumstances include: (1) medical conditions of the defendant, whether terminal or chronic, that substantially diminish the defendant's ability to provide self-care within a correctional facility; (2) age when the defendant is at least 65 years old; (3) family circumstances rendering defendant the only available caretaker for a family member; (4) defendant, while in custody, was a victim of abuse by a BOP employee; (5) other reasons not specifically enumerated that, when considered by themselves or together, are of a similar gravity as those described in (1)-(4); and (6) a change in law that has created a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, but only where the defendant has served at least 10 years of an unusually long sentence.

Lastly, § 1B1.13(a)(2) instructs that prior to granting a motion for compassionate release, a court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

## DISCUSSION

The Court must first determine whether Negron has met the administrative exhaustion requirement. Next, the Court must determine whether Negron has established "extraordinary and compelling" reasons consistent with the policy statement to justify a reduction in sentence. If he has, the Court must decide whether the requested reduction in sentence would be consistent with the factors set forth in § 3553(a) and whether Negron is a danger to others or the community.

### I. Administrative Exhaustion

Negron argues that he need not exhaust his administrative remedies, as required by 18 U.S.C. § 3582(a)(1)(C), because he is serving his current sentence outside of BOP custody. ECF No. 87 at 3–4. Negron specifically maintains that BOP administrative procedures are not available to him, and thus the Court should not require him to exhaust nonexistent avenues of relief. *Id.*

The court's decision in *United States v. Arreola-Bretado*, 445 F. Supp. 3d 1154 (S.D. Cal. 2020), and several cases applying *Arreola-Bretado*, make clear that Negron did not need to exhaust his administrative remedies here. In *Arreola-Bretado*, the defendant was held in a non-BOP facility without a BOP warden. *Id.* at 1157. The court reasoned that it would be futile to require a "petition to a BOP warden who does not exist." *Id.* The court therefore found that the exhaustion requirement did not bar it from considering the motion for compassionate release. *Id.* The same reasoning applies here. Negron is serving his federal sentence outside of BOP custody, where BOP administrative procedures are not available, and thus exhausting any available procedures would be futile. Accordingly, the Court finds that Negron did not need to exhaust his administrative remedies. *See United States v. Pinon*, No. 19-cr-04777-BAS, 2022 WL 16557620, at *1 (S.D. Cal. Oct. 31, 2022) (finding that the administrative exhaustion requirement was not required where defendant was held in a non-BOP facility); *United States v. Garcia-Zuniga*, No. 19-cr-04139-JM, 2020 WL 3403070, at *1 (S.D. Cal. June 19, 2020) (same).

### II. Extraordinary and Compelling Reasons

Negron argues that two extraordinary and compelling reasons warrant granting compassionate release: his medical circumstances and his position as the only available caretaker for his grandson. ECF No. 87; ECF No. 82 at 1. The Court will first consider the medical circumstances and family circumstances on their own, and then determine whether they amount to extraordinary and compelling reasons in the aggregate. *See* U.S.S.G. § 1B1.13(b) ("[e]xtraordinary and compelling reasons exist under any of the

following circumstances of a combination thereof"); *see also United States v. Gallardo*, No. 19-cr-02608-GPC, 2024 WL 4879493, at *6 (S.D. Cal. Jan. 8, 2024) ("Judges in this district have repeatedly endorsed a combination of circumstances analysis, granting relief even when each factor was individually insufficient.").

Negron first argues that his medical circumstances are an extraordinary and compelling reason warranting compassionate release. ECF No. 87 at 4. The policy statement specifically enumerates the following medical circumstances as extraordinary and compelling: (1) terminal illness; (2) a serious medical condition or cognitive impairment or deteriorating physical or mental health due to the aging process, which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (3) a medical condition requiring "long-term or specialized medical care"; and (4) the defendant is at increased risk of severe medical complications or death due to an infectious disease outbreak or other public health emergency. U.S.S.G. § 1B1.13(b)(1).

Negron, who is 63 years old, *see* ECF No. 48 at 2, has diminished, 20/100 vision; suffers from type 2 diabetes, hyperlipidemia, polyneuropathy, hypertension, and heart diseases; and is overweight. ECF No. 87 at 4; *see also* ECF No. 48 at 14–15. Negron "uses eyeglasses, arch support, and alternate shoes due to his diabetic neuropathy." ECF No. 87 at 4. Further, Negron has developed worsening vertigo while in custody and has waited over three months to see an ENT specialist. *Id.*; ECF No. 82 at 1. In the meantime, he has lost feeling in both of his feet. ECF No. 87 at 2. He takes daily medications for some of these conditions, but his vertigo and loss of feeling remain untreated. ECF No. 48 at 14.

While the Court is sympathetic to Negron's medical circumstances, they do not fit within the enumerated extraordinary and compelling reasons. None of these conditions constitute a terminal illness, require long-term or specialized care, or relate to an ongoing infectious disease. And while they certainly make Negron's time in custody more difficult, it is not evident based on the current record that the conditions substantially

diminish Negron's ability to care for himself.  In fact, he appears to manage many of his conditions with eyeglasses, arch support, specific shoes, and daily medications.  While the worsening vertigo presents a new concern which may eventually affect his ability to care for himself, it is not clear at this point that it is sufficient on its own to constitute extraordinary and compelling circumstances.

Further, the combination of Negron's medical circumstances alone does not constitute extraordinary and compelling circumstances.  *See United States v. Taylor*, No. 19 Cr. 410 (KPF), 2024 WL 3498646, at *3 (S.D.N.Y. July 22, 2024) (finding that combination of hyperlipidemia, anxiety, depression, glaucoma, hypermetropia, vertigo, hearing loss, hypertension, rhinitis, asthma, dermatitis, and other medical conditions did not constitute extraordinary and compelling circumstances); *United States v. DeSciscio*, No. 88-cr-00239, 2020 WL 3893711, at *5 (D.N.J. July 10, 2020) (denying compassionate release for defendant with kidney stones, prostate cancer, atrial fibrillation, chronic rhinitis, and vertigo because the conditions did not substantially diminish his ability to care for himself in a correctional facility).

Negron does not explicitly argue that the sudden need for him to care for his grandson constitutes extraordinary and compelling reasons on its own, nor does he cite to any case law that suggests that it could.  *See* ECF No. 87; ECF No. 82.  Nonetheless, because the family emergency is the driving force behind Negron's motion, it is appropriate to consider it both on its own and in conjunction with Negron's medical circumstances.

In addition to Negron's medical conditions, specifically the worsening, untreated vertigo and loss of feeling in his feet, Negron also states that he is now the only available caretaker for his daughter's son.  His grandson is diagnosed with autism and requires a lot of care and attention, which his daughter, Maria Christina, has been unable to provide recently.  ECF No. 87 at 2.  Maria Christina recently separated from her husband, who was devoted to her son's care.  *Id.*  Now, because she must work full-time, she relies heavily on the mere 30 hours of therapy per week that her insurance covers.  *Id.*

However, Negron states that Maria Christina is now in danger of losing her job, and with it, her health insurance, due to the increasing stress she is dealing with and the fact that her son's care requires much more than the 30 hours of therapy per week. ECF No. 82 at 1. Negron's other two daughters are unable to assist Maria Christina because they are occupied with their own educational and professional pursuits. *Id.*; ECF No. 87 at 2. Accordingly, Negron is the only person who can take care of his grandson now, and he states that the situation could become drastically worse if he remains in custody through June 16, 2026. ECF No. 82 at 1.

"To obtain a reduction in his sentence based on the care of his grandchildren, Defendant would not only need to show that their mother is suddenly unable to be their caregiver, but also that others are not available caregivers." *United States v. Lozano*, 23-cr-00992-RBM-1, 2023 WL 8604161, at *4 (S.D. Cal. Dec. 11, 2023). On their own, Negron's family circumstances border on extraordinary and compelling. While Maria Christina can take care of her son to an extent, she cannot provide the full range of care and attention he requires. And other family members are clearly not available caregivers. *See, e.g., United States v. Trapps*, No. 15-cr-00382-JSW-1, 2022 WL 16706710, at *2 (N.D. Cal. Nov. 4, 2022) (finding extraordinary and compelling reasons where defendant was the only available caretaker for his ill mother, as she required around-the-clock care, and his siblings had work obligations or physical limitations that did not allow for full-time care). But given that Maria Christina is at least available to an extent to care for her son, it is not clear that these circumstances constitute extraordinary and compelling reasons on their own.

However, when assessed in the aggregate, Negron's medical circumstances, specifically his worsening and untreated vertigo and loss of feeling in his feet, and his status as the only potential full-time caretaker for his grandson constitute extraordinary and compelling circumstances. A court in this District recently found a "unique combination" of extraordinary and compelling circumstances where a defendant had a need to care for her children and grandchildren because her mother, who had previously

been caring for the children, was experiencing worsening health herself. *United States v. Vieyra*, No. 23-cr-00635-JES, 2025 WL 96289, at *1–2 (S.D. Cal. Jan. 13, 2025). As a result, the family was faced with an increasing financial burden. *Id.* at *2. Further, the caretaking needs were spreading other members of the family very thin. *Id.* Here, Negron presents a similarly unique combination of extraordinary and compelling circumstances. Defendant's family circumstances are equally as dire and urgent as those in *Vieyra*. Maria Christina is dealing with a sudden and unexpected catch-22: she must either neglect her son's need for full-time care or care for her son but risk losing her job, which itself provides her son with health insurance to receive a crucial 30 hours of therapy a week. Negron's presence would lift this burden off his family members. Further, Negron is dealing with worsening and untreated vertigo and loss of feeling in his legs, which he might sooner receive treatment for outside of custody. This combination of circumstances is extraordinary and compelling and warrants granting compassionate release.

### III. Applicable § 3553(a) Sentencing Factors and Danger to the Community

Before granting compassionate release, the Court must assess whether a sentence reduction is consistent with the applicable 18 U.S.C. § 3553(a) sentencing factors and whether Negron is a danger to others or the community. U.S.S.G. §1B1.13(a). The relevant sentencing factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence imposed (i) "to reflect the seriousness of the offense," (ii) to provide adequate deterrence, (iii) "to protect the public from further crimes of the defendant," and (iv) to provide adequate rehabilitation to the defendant; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (4) the need to provide victims restitution. 18 U.S.C. § 3553(a).

Negron is in custody for violating terms of his supervised release, namely, committing a drug-related offense and failing to participate in a residential drug treatment program. While the Court does not discount the importance of complying with the terms

of supervised release, it notes that Negron has already served over five months of his six-month sentence and has less than two weeks remaining in custody.  Negron's five months in custody reflects the seriousness of his violations and is sufficient to deter him from further noncompliance with the terms of his supervised release.  Further, Negron's commitment to taking care of his grandson upon his release is commendable and weighs in favor of a sentence reduction.  Lastly, the Court notes that the government did not exercise its opportunity to oppose this motion on the grounds that a sentence reduction is not consistent with the sentencing factors or that Negron is a danger to others or the community.  For the reasons, the Court finds that a reduction in Negron's sentence to time served is appropriate under the § 3553(a) sentencing factors and that Negron is not a danger to others or the community.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Negron's motion for compassionate release under 18 U.S.C. § 3582(c).  The Court reduces Negron's sentence to time served, with no supervised release to follow.

Given the time-sensitive nature of the motion, the Court ORDERS that Negron be immediately released from custody.

**IT IS SO ORDERED.**

Dated:  June 4, 2025

Hon. Gonzalo P. Curiel
United States District Judge